UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARCIANO PARODI and PATRICIA PARODI,

   Plaintiffs,

v.           CASE NO. 3:18-cv-389-J-32MCR

JAME GAMBOL, (ICE) supervisor
Fort Miami FL field office in his
individual capacity, *et al.*,

   Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs ("Applications") (Docs. 2 & 3). For the reasons stated herein, the undersigned recommends that the Applications be **DENIED** and the case be **DISMISSED without prejudice**.

A court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)). To show entitlement to relief, Plaintiffs must include a short and plain statement of facts in support of their claims. Fed. R. Civ. P. 8(a). This statement of facts must show the plausibility of Plaintiffs' claims. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (per curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted). "[E]ven a claim

that arises under federal law may be dismissed for lack of subject matter jurisdiction if (1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous." *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted). A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* at 470-71 (internal quotation marks omitted).

*Pro se* Plaintiffs filed their Complaint and Applications on March 22, 2018. (Docs. 1, 2, 3.) On April 5, 2018, the Court entered an Order taking the Applications under advisement and directing Plaintiffs to file an amended complaint and amended, notarized applications, no later than April 26, 2018. (Doc. 5.) The Order provided in relevant part:

> Plaintiffs' allegations are largely undecipherable and somewhat internally inconsistent, as it is difficult to discern (even with the help of Plaintiffs' attachments) the underlying facts and potential legal theories on which Plaintiffs rely. By way of example, Plaintiffs initially allege that they "weren't detained by BORDEN [sic] CONTROL PATROL in Fort Laurendale [sic] international FL airport" (Doc. 1 at 2), but later seem to allege that Plaintiffs (or at least Plaintiff Marciano Parodi) were detained and/or incarcerated for nine months (*id.* at 3-4). Invoking 42 U.S.C. § 1983, Plaintiffs seem to allege that Defendants, all of whom are employees of Immigration and Customs Enforcement ("ICE") sued in their individual capacities, have conspired to violate Plaintiffs' due process rights under the Fourth and the Fourteenth Amendments to the United States Constitution. (*See id.* at 3.) However, in a § 1983 lawsuit, a plaintiff may challenge the constitutionality of state officials' actions, not the actions of federal officials. *See Zacarias-Saldana v. Core Civic*, No. 4:17-cv-00106-CDL-MSH, 2017 WL 3976293, *2 (M.D. Ga. Sept. 8,

> 2017). Because all Defendants here are federal officials sued in their individual capacities, Plaintiffs' suit cannot proceed under § 1983.
>
> In sum, the Complaint, in its current form, fails to state a claim on which relief may be granted, because it fails to give Defendants a "fair notice of what the . . . claim is and the grounds upon which it rests." *Zacarias-Saldana*, 2017 WL 3976293 at *1 (internal citations and quotation marks omitted). Although the Court must construe the pleadings of *pro se* litigants liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *pro se* litigants must still present their claims "in clear and simple language such that the district court may not misunderstand it," *Ford v. Hunter*, 2013 WL 4046015, *1 n.1 (11th Cir. Aug. 12, 2013) (internal citations omitted). . . . In the amended complaint, Plaintiffs should clearly describe the nature of their claims as to each named Defendant, alleging the claims in sequentially numbered and double-spaced paragraphs.

(*Id.* at 3-4.)

On April 19, 2018, Plaintiffs filed an Amended Complaint and an amended, notarized application.[2] Construing the Amended Complaint liberally,[3] the undersigned finds that it does not cure the deficiencies in the original Complaint. The Amended Complaint, like the original Complaint, does not include a short and plain statement of facts in support of Plaintiffs' claims. Plaintiffs allege state law[4] claims for malicious prosecution, negligence, perjury, loss of consortium, fraud, conspiracy, false imprisonment, a complaint without probable cause, and

---

[2] Based on the information provided in the amended, notarized application, Plaintiffs are indigent for purposes of 28 U.S.C. § 1915.

[3] The pleadings of *pro se* litigants, like Plaintiffs, must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curiam).

[4] Plaintiffs invoke the state laws of New Jersey, Maryland, and Florida.

illegal deportation[5] against Defendants, all of whom are employees of ICE. Despite the labels and conclusions employed throughout the Amended Complaint, Plaintiffs have failed to give Defendants fair notice of what their claims are and the grounds upon which they rest.  It is unclear what each Defendant's involvement is in the alleged claims and whether this Court has jurisdiction to hear Plaintiffs' claims.  Also, to the extent the Court can interpret Plaintiffs' allegations as arising out of immigration proceedings against Marciano Parodi, it is unclear whether any administrative remedies have been exhausted prior to filing this action.  (*See* Doc. 6 at 6 (demanding, *inter alia*, the return of Plaintiff's I-94 refugee card, visa, passports, and identification documents, and removing "the fake order of deportation"); *see also* Doc. 6-2.)

The Amended Complaint, like the original Complaint, is still largely undecipherable, as illustrated by the Conclusion section, which reads in relevant part:

> HERE THE MALICIOUS REPORTS, [STATEMENTS] OF THE DEFENDANTS, OVER 20 YEARS OF MALICIOUS PROSECUTIONS, PERSECUTIONS, ARRESTED [sic], DEPORTATION AND IMPRISONMENTS [WITHOUT] THE DUE PROCESS OF THE LAW AND THE WAY THAT THE COURT ARE [sic] DESIGN [sic] HAVEN [sic] VIOLATE [sic] THE 4TH AND 14TH AMENDMENT OF AMERICAN [sic] CONSTITUTION AND STATE LAW ARTICLE THAT GUARANTY [sic] FREEDOM AND LIBERTY BY AMERICAN CONSTITUTIONAL RIGHT[.]

---

[5] Although it appears that the illegal deportation claim is brought under unspecified federal law, Plaintiffs fail to allege either the relevant law or the underlying facts showing the plausibility of Plaintiffs' claim for illegal deportation.

> . . .
> DUE TO THEIR ACTION MARCIANO PARODI HAVE [sic] ORDER OF DEPORTATION (exhibit 1) PRODUCT [sic] OF COMPUTER BUG THAT WAS INTRODUCE [sic] IN THE USCIC [sic] SYSTEMS BY EMPLOYING OF (ICE) AGENCY TO INFLICTED [sic] THE [sic] PARODI A VERY HARD PUNISHMENT FOR COMMENCE [sic] A CIVIL FEDERAL COMPLAINT AGAIN [sic] MONMOUTH COUNTY SHERIFF OFFICE NJ WERE [sic] THIS CASE ORIGINATE [sic], WHILE (ICE) DEPARTMENT WASN'T NAME [sic] IN THAT CIVIL CASE[.]  MY ARRESTS AND PERSECUTION MAYBE HAVE SOME CONSPIRACY BECAUSE MARCIANO PARODI NEVER WAS DETAINED OR ARRESTED BY ANY (ICE) ORDER BEFORE 2005\ ALSO MARCIANO THE FIRST TIME HAVE [sic] CONTACT WE [sic] (ICE) DEPARTMENT WAS IN MD STATE BALTIMORE FIELD OFFICE (DEPORTATION OFFICE NAME (RAUL ACUNA)[.]

(Doc. 6 at 5.)

Of note, the Amended Complaint does not include any jurisdictional allegations. Although Plaintiffs seem to allege violations of their rights under the Fourth and Fourteenth Amendments to the United States Constitution, they fail to explain how the Amendments to the United States Constitution apply to Plaintiffs' otherwise undecipherable allegations. As such, Plaintiffs have not adequately alleged that the Court has subject matter jurisdiction over this action.

Based on the foregoing, this case should be dismissed for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed.R.Civ.P. 12(h)(3).

Accordingly, it is **RECOMMENDED** that:

1. The Applications (**Docs. 2 & 3**) be **DENIED** and the case be

**DISMISSED** for failure to state a claim on which relief may be granted and lack of jurisdiction.[6]

2. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on May 4, 2018.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

*Pro Se* Plaintiffs

---

[6] The dismissal should be without prejudice. *See Blankenship*, 551 F. App'x at 471 n.2 (stating that a dismissal of an action for lack of subject matter jurisdiction is an involuntary dismissal and, thus, it is without prejudice) (citing Fed.R.Civ.P. 41(b) (providing that an involuntary dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits) and *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (explaining that a district court's dismissal of a case for lack of subject matter jurisdiction should be without prejudice)).